Tilmon McCUIN, et al., Plaintiffs,

Equal Employment Opportunity Commission, Intervenor,

v.

TEXAS POWER & LIGHT COMPANY, Defendant.

Civ. A. No. S–75–26–CA.

United States District Court, E. D. Texas, Sherman Division.

April 30, 1982.

Larry R. Daves, Daves, McCabe & Crews, Tyler, Tex., for plaintiffs.

Terry L. Hamilton, Washington, D. C., for intervenor.

Frank M. Ryburn, Jr., Burford & Ryburn, George E. Seay and John F. McCarthy, Jr., Seay, Gwinn, Crawford, Mebus & Blakeney, Dallas, Tex., J. Mike Rowan, Loftis, Rowan, Files, Bain & Clayton, Tyler, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

ROBERT M. PARKER, District Judge.

This employment discrimination class action is before the Court on the limited question of whether or not the employment of Judge William Wayne Justice's brother-in-law, J. Mike Rowan, as local counsel for the Defendant requires the disqualification of Mr. Rowan or the recusal of Judge Justice.

For reasons set forth below, the Court rules that Judge Justice's recusal is not required, but that Mr. Rowan's disqualification is.

This case was filed on March 6, 1975. On May 8, 1975, the Plaintiffs moved for certification of the case as a class action. The Court held a hearing on the motion on April 30, 1980, and granted the motion on September 25, 1981. In the meantime, extensive discovery had taken place.

On November 17, 1981, the Defendant requested that the Clerk of the Court add Mr. Rowan to the docket sheet as an attorney of record for the Defendant. The Plaintiffs moved to disqualify Mr. Rowan as the Defendant's local counsel, and for "limited recusal" of Judge Justice for the purpose of ruling on the motion to disqualify. By order of December 16, 1981, Judge Justice assigned the case to this Court "for such action as may be required."

The Court notes that, under 28 U.S.C. § 455 (1978), the amended judicial disqualification statute, Judge Justice cannot continue to preside over this case if Mr. Rowan is permitted to represent the Defendant. Apart from the general duty of a United States judge under section 455(a) to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," the judge has an absolute duty under section 455(b)(5)(ii) to disqualify himself if "[h]e or his spouse, or a person within the third degree of relationship to any of them . . . is acting as a lawyer in the proceeding."[1] Although neither party has moved to disqualify Judge Justice from this case,[2] section 455 places the obligation to disqualify on the judge. *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1115 (5th Cir.), *cert. denied*, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980). Section 455(e) expressly prohibits the judge from

---

1. The judge also has an absolute duty under section 455(b)(5)(iii) to disqualify himself if "[h]e or his spouse, or a person within the third degree of relationship to any of them . . . is known by the judge to have an interest that could be substantially affected by the outcome of the proceedings." Although the Court confines its discussion primarily to sections 455(a)

and 455(b)(5)(ii), it gives due regard to section 455(b)(5)(iii) in fashioning its order.

2. The parties have regarded as a foregone conclusion that the association of Mr. Rowan as counsel for the Defendant, if approved, would result in the disqualification of Judge Justice.

accepting a waiver of any ground for disqualification under section 455(b). *Id.* at 1114. Therefore, Mr. Rowan's representation of the Defendant in this case is at irreconcilable odds with Judge Justice's continued authority over it. *See S. J. Groves & Sons Co. v. International Brotherhood of Teamsters*, 581 F.2d 1241, 1248 (7th Cir. 1978).

The strictness of section 455 as to disqualification and waiver reflects the statute's goal of promoting the public's confidence in the impartiality and integrity of the judicial process.

> Clearly, the goal of the judicial disqualification statute is to foster the appearance of impartiality. This overriding concern with appearances, which also pervades the Code of Judicial Conduct and the ABA Code of Professional Responsibility, stems from the recognized need for an unimpeachable judicial system in which the public has unwaivering confidence.

*Potashnick, supra* at 1111 (citations omitted). In pursuit of that goal, the statute not only requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned, but also lists several instances in which the appearance of impartiality is so inherently undermined that disqualification is always required. One of those instances arises when a close relative of the judge by blood or marriage is acting as a lawyer in the proceeding, as Judge Justice's brother-in-law is attempting to do here. "The appearance of partiality begins with the natural assumption that brothers enjoy a close personal and family relationship and, consequently, would be inclined to support each other's interests." *SCA Services, Inc. v. Morgan*, 557 F.2d 110, 116 (7th Cir. 1977). Whether the brothers-in-law here enjoy such a relationship is an inquiry foreclosed to the Court under the statute.

There is a dearth of reported cases applying section 455 which provide any direct guidance for the case at bar. The closest analog is *S. J. Groves & Sons v. International Brotherhood of Teamsters, supra*, in which a section 455 conflict similar to the one at issue here was cured by prompt withdrawal of the offending law firm from the case. While *Groves* was pending in the district court, the Seventh Circuit published *SCA Services, supra*, which held that section 455 required a district judge whose brother was representing one of the parties to disqualify himself. Shortly thereafter, the *Groves* defendants moved that the district judge disqualify himself because his brother was a senior partner in the law firm representing the plaintiffs. Three days after the motion, the law firm withdrew from the case. Three weeks after the law firm withdrew, the court entered summary judgment for the plaintiffs.

On appeal, the defendants challenged the district judge's refusal to disqualify himself on three separate section 455 grounds: that his "impartiality might reasonably be questioned," [3] that his brother "was acting as a lawyer in the proceeding," [4] and that his brother was "known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." [5] The court of appeals held that the withdrawal of the brother's firm before the district judge was in a position to make any discretionary rulings which could give the appearance of partial treatment to the firm's client insulated the impartiality of the district judge from reasonable question. The court of appeals further held that the brother had not acted as a lawyer in the case because he had not actually participated in it,[6] and that neither the judge's brother nor his law firm had retained any interest in the proceeding once the firm withdrew. The *Groves* court therefore upheld the district judge's refusal to disqualify himself, reasoning that, under the cir-

---

**3.** 28 U.S.C. § 455(a)(1978).

**4.** 28 U.S.C. § 455(b)(5)(ii) (1978).

**5.** 28 U.S.C. § 455(b)(5)(iii) (1978).

**6.** 581 F.2d at 1248; *accord, United States ex rel. Weinberger v. Equifax, Inc.*, 557 F.2d 456, 463 (5th Cir. 1977), *cert. denied*, 434 U.S. 1035, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978).

cumstances, the firm's prompt withdrawal satisfied the underlying policies of the disqualification statute.

The difficulty in applying the lessons of *Groves* straightforwardly to the case at bar is the striking contrast between the actions of the offending lawyers in the two cases. The behavior of the Defendant and Mr. Rowan is such an affront to the policies underlying section 455 that to apply the statute to disqualify Judge Justice would be to stand it on its head. The Defendant has intentionally created a conflict under the statute, and now seeks to benefit from the statute's protection. Far from endeavoring to correct the conflict, which is entirely within its control, by prompt withdrawal of Mr. Rowan from the case, the Defendant has left any such endeavor to the Plaintiffs.

The Court accords little significance to the Defendant's testimony that it has long had Mr. Rowan on retainer for legal work of one sort or another. This case was pending for over six years before the Defendant sought to associate Mr. Rowan with it. He has no reputation for expertise in class actions or employment discrimination law and virtually none in litigation. His primary qualification as a trial lawyer arose with the enactment of amended section 455, and consists of his ability, up until now, to assist litigants in removing themselves from Judge Justice's purview. The Court is aware of several cases in recent years in which Judge Justice has disqualified himself as a result of Mr. Rowan's association with it. One of those cases, *Walton v. Henson*, Civil Action No. P–80–39–CA (Paris Division), was tried to this Court on the very day that it heard the motion under consideration here. Mr. Rowan made no appearance in that case after it was transferred to the undersigned Judge; other than Judge Justice's recusal, there was no indication of Mr. Rowan's involvement with the case. The Court takes judicial notice that in nineteen cases recently filed against

the City of Tyler in connection with falsification of evidence in criminal drug cases, the city has announced its intention of retaining Mr. Rowan to assist in their defense. The practice is fast becoming epidemic. Whether or not this ploy is grounds for disciplinary action by the State Bar is more appropriately dealt with in another forum;[7] it suffices here to remark that it is most certainly a sham.

The right to be represented by counsel of one's own choosing is not absolute. One certainly cannot choose to be represented by a lawyer who has been disbarred or who is not licensed to practice in the jurisdiction. Nor may one cloak himself in the mantel of right to counsel to convert the judicial disqualification statute into a vehicle for forum shopping. "[A] litigant should not be permitted to utilize a disqualification issue as part of his trial strategy." *Potashnick, supra* at 1115. The fact that the Plaintiffs may well be guilty of forum shopping themselves, in filing their lawsuit in the Sherman Division to guarantee that Judge Justice would preside, offers no support to the Defendant in the present matter.

The Plaintiffs' prompt motion to disqualify Mr. Rowan and Judge Justice's prompt transfer of the case to this Court have insulated the proceedings to this point from any taint of partiality. Since the time Mr. Rowan associated himself with the case, Judge Justice has not been in a position to make any discretionary rulings. The order the Court enters today protects the proceedings from any future taint of partiality through Mr. Rowan's involvement, and neutralizes any actions which might make Mr. Rowan appear to have acted as an attorney in the case or which might appear to give him an interest in its outcome.

The Plaintiffs' Motion is GRANTED. Mr. Rowan is disqualified from the case, and shall immediately sever all connection with it. Any documents on file that are the

---

7. *See* Opinions N.Y. State Bar Ass'n 384 (1975); Vernon's Ann.Civ.Stat. Title 14 Appendix art. 12 § 8, DR 9–101; *cf. Fredonia Broadcasting Corp., Inc. v. RCA Corp.*, 569 F.2d 251, 255 (5th Cir.), *cert. denied*, 439 U.S. 859, 99 S.Ct. 177, 58 L.Ed.2d 167 (1978) (absence in circuit of rule explicitly forbidding particular conduct on part of attorney is not conclusive of its propriety).

product of Mr. Rowan's handiwork shall be removed. Any discovery or other work that Mr. Rowan has prepared for the case shall be inadmissible in any manner at trial; any such discovery that is repeated shall be entirely at the Defendant's expense. Mr. Rowan shall return all fees received from the Defendant in connection with this case. The case is returned to Judge Justice's court for further proceedings.